UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ANDREW JAMES ENSOR,**

        **Plaintiff,**

v.                                                           Case No: 6:24-cv-1662-CEM-DCI

**FITNESS INTERNATIONAL, LLC,**
**ROBERT WILSON and DOUG KIM,**

        **Defendants.**

---

**REPORT AND RECOMMENDATION**

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **Application to Proceed in District Court Without Prepaying Fees or Costs (Doc. 2)** |
| **FILED:** | **September 13, 2024** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED without prejudice**.

**I.  Background**

On September 13, 2024, Plaintiff, proceeding *pro se*, filed his Complaint alleging various violations of federal and state law. Doc. 1 (the Complaint). Simultaneously, Plaintiff filed an Application to Proceed in District Court Without Prepaying Fees or Costs, which the undersigned construes as a motion to proceed *in forma pauperis*. Doc. 2 (the Motion).

Upon due consideration, the undersigned recommends that the Motion be denied without prejudice.

## II.     Legal Standard

The Court must conduct a two-step inquiry when a plaintiff files a complaint and seeks leave to proceed *in forma pauperis*.  First, the Court must evaluate the plaintiff's financial status and determine whether he or she is eligible to proceed *in forma pauperis*.  28 U.S.C. § 1915(a)(1). Second, once the Court is satisfied plaintiff is a pauper, the Court must review the complaint pursuant to § 1915(e)(2) and dismiss the complaint if the action is frivolous or malicious, the complaint fails to state a claim on which relief may be granted, or the complaint seeks monetary relief against a defendant who is immune from such relief.  *Id*. at § 1915(e)(2)(B)(i-iii).[1]  The Court must also dismiss the complaint if it determines it has no subject matter jurisdiction over the claims.  Fed. R. Civ. P. 12(h)(3); *see Davis v. Ryan Oaks Apartment*, 357 F. App'x 237, 238-39 (11th Cir. 2009) (per curiam).[2]  The Court must liberally construe the complaint when conducting the foregoing inquiry, *Tannenbaum v. U.S.*, 148 F.3d 1262, 1263 (11th Cir. 1998) (per curiam), but the Court is under no duty to "re-write" the complaint to establish subject matter jurisdiction, avoid frivolousness, or state a claim upon which relief may be granted.  *See Campbell v. Air Jamaica, Ltd.*, 760 F.3d 1165, 1168-69 (11th Cir. 2014).

To state a claim upon which relief may be granted, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level" with "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombley*¸550 U.S. 555, 570 (2007). Under this standard, legal conclusions "are not entitled to the assumption of truth" and are

---

[1] The statute governing proceedings i*n forma pauperis* references actions instituted by prisoners, *see* 28 U.S.C. § 1915, but has been interpreted to apply to all litigants requesting leave to proceed *in forma pauperis*.  *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

[2] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority.  *See* 11th Cir. R. 36-2.

insufficient to state a claim. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement." *Id.* at 678.

Although "*pro se* pleadings are held to a more lenient standard than pleadings filed by lawyers," *Abram-Adams v. Citigroup, Inc.*, 491 F. App'x 972, 974 (11th Cir. 2012), that "' leniency does not give a court license to serve as *de facto* counsel for a party' or 'rewrite an otherwise deficient pleading in order to sustain an action.'" *Curtiss v. Comm'r of Soc. Sec.*, 856 F. App'x 276, 276 (11th Cir. 2021) (quoting *GJR Inv., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1989)). *Pro se* litigants cannot "simply point to some perceived or actual wrongdoing and then have the court fill in the facts to support their claim . . . [J]udges cannot and must not 'fill in the blanks' for *pro se* litigants; they may only cut some 'linguistic slack' in what is actually pled." *Webb. v. Miami-Dade Cnty. Gov.*, 2023 WL 7299859, at *1 (S.D. Fla. Nov. 6, 2023) (internal citations and quotations omitted).

**III.    Discussion**

As an initial matter, the undersigned, upon review of the Motion, finds that Plaintiff is a pauper for purposes of § 1915(a)(1). However, the undersigned finds that the Complaint is an impermissible shotgun pleading and should therefore be dismissed without prejudice.

To comply with federal pleading standards, a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Federal Rules require plaintiffs to "state [their] claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). "A 'shotgun pleading' is one that lacks the minimum clarity, brevity, or coherence required by Rules 8 and 10 of the

Federal Rules of Civil Procedure." *Lozano v. Prummell*, 2022 WL 4384176, at *2 (M.D. Fla. Sept. 22, 2022). As the Eleventh Circuit has stated, a complaint is a shotgun pleading if it:

> (1) contains multiple counts where each count adopts the allegations of all preceding counts; (2) is replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action; (3) fails to separate into a different count each cause of action; or (4) asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act.

*Embree v. Wyndham Worldwide Corp.*, 779 F. App'x 658, 662 (11th Cir 2019). Shotgun pleadings "fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cnty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). Likewise, shotgun pleadings "waste scarce judicial resources, inexorably broaden the scope of discovery, wreak havoc on appellate court dockets, and undermine the public's respect for the courts." *Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (cleaned up).

Here, the Complaint falls into the second, third, and fourth categories of shotgun pleadings. The Complaint is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action." *Embree*, 779 F. App'x at 662. The paragraphs throughout the Complaint are replete with detailed factual allegations and references to myriad legal theories that are seemingly unconnected to the factual allegations. Plaintiff fails to connect the facts presented to any particular cause of action. To be sure, Counts 1 and 2 include citations to Florida criminal statutes, Florida and California theories on breach of contract, and references to the Equal

Protection Clause of the Fourteenth Amendment. Doc. 1 at 26-33. It is unclear which facts throughout the Complaint relate to each of these distinct causes of action.[3]

Likewise, the Complaint fails to separate each cause of action into a separate count. As explained *supra*, Plaintiff's "counts" are replete with references to various alleged causes of action. "Counts 1 and 2" reference at least three distinct causes of action, while "Count 3" references § 1983, various Florida statutes, and theories of vicarious liability. Doc. 1 at 33-39. Accordingly, Defendants are not adequately put on notice of the claims against them.[4]

Finally, the Complaint seemingly asserts multiple claims against multiple defendants without specifying which defendant is responsible for which act. Throughout the Complaint, Plaintiff refers to "defendants" but does not delineate which acts each purported defendant is supposedly liable for.

Because it is the Court's "duty" to "ensure[] that the issues get defined at the earliest stages of litigation," the undersigned recommends that the Court "strike the complaint and instruct

---

[3] The undersigned notes that Florida Statutes Section 784.05 is a criminal statute, and the Court has no authority to file criminal charges. *See Mobley. v. Birk*, 2023 WL 7389846, at *3 (M.D. Fla. Oct. 20, 2023) (denying motion to proceed *in forma pauperis* where plaintiff alleged violations of Section 784.05 because "[t]he Court has not authority to file these criminal charges."); *see also Thompson v. Sarasota Cnty. Police Dep't*, 2009 WL 1850314, at *2 (M.D. Fla. June 26, 2009) ("It is well established that private citizens can neither bring a direct criminal action against another person nor can they petition the federal courts to compel the criminal prosecution of another person.").

[4] Likewise, it should be noted that § 1983 can only support claims against state actors. *See* 42 U.S.C. § 1983; *Rayburn ex. Rel. Rayburn v. Hogue*, 241 F.3d 1341, 1347-48 (11th Cir. 2001). In order for private parties, such as Defendants in this case, to be seen as state actors for purposes of § 1983, one of three conditions must be met: (1) the State has coerced or at least significantly encouraged the action alleged to violate the Constitution; (2) the private parties performed a public function that was traditionally the exclusive prerogative of the State; or (3) "the State had so far insinuated itself into a position of interdependence with the [private parties] that it was a joint participant in the enterprise." *NBC, Inc. v. Commc'ns Workers of Am.*, 860 F.2d 1022, 1026-27 (11th Cir. 1988). Here, Plaintiff has not alleged any nexus between the private defendants and the State. Accordingly, there is no basis for liability under § 1983.

[Plaintiff] to replead the case." *Byrne v. Nezhat*, 261 F.3d 1075, 1133 n. 113 (11th Cir. 2001), *abrogated on other grounds by Bridge v. Phoenix Bond & Indem. Co.*, 553 U.S. 639 (2008). But, "[w]hen a plaintiff files a shotgun pleading, a district court must give him *one chance* to replead before dismissing his case with prejudice on shotgun pleading grounds." *Buckman v. Lancaster Mortg. Co.*, 2021 WL 4618412, at *3 (11th Cir. Oct. 7, 2021) (emphasis added).

### IV.   Conclusion

Accordingly, the undersigned **RECOMMENDS** that the Motion (Doc. 2) be **DENIED without prejudice** and Plaintiff be given leave to file an amended complaint that comports with the dictates of the Federal Rules.

### NOTICE TO PARTIES

The party has fourteen days from the date the party is served a copy of this report to file written objections to this report's proposed findings and recommendations or to seek an extension of the fourteen-day deadline to file written objections. 28 U.S.C. § 636(b)(1)(C). A party's failure to serve and file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1).

Recommended in Orlando, Florida on September 25, 2024.

DANIEL C. IRICK
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy